UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TODD and KARRIE FAULKNER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No: 4:15CV1891 HEA |
| MARTIN LEIGH PC, | ) |  |
| Defendant. | ) |  |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motions for Referral to the Bankruptcy Court of the Eastern District of Missouri., [Doc. No. 7], Defendant's Motion to Dismiss, [Doc. No. 8], and Plaintiffs' Motion to Stay Motion to Dismiss, [Doc. No. 14]. For the reasons set forth below, the motion for referral will be denied, the motion to dismiss will be denied and the motion to stay is denied as moot.

**Facts and Background**

Plaintiffs claim Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA). Plaintiffs allege that Defendant was acting as a debt collector when it sent a letter to them advising them that it was an attorney attempting to collect a debt; that Plaintiffs called Defendant regarding the letter; defendant's conduct overshadowed Plaintiffs' dispute and verification period.

Defendant moves for referral to the Bankruptcy Court, however, Defendant fails to identify which Bankruptcy Court or to even state that Plaintiffs indeed have a pending Bankruptcy proceeding pending. Plaintiffs do not identify the style of any Bankruptcy proceeding in which they are debtors. For the purposes of this motion, therefore, the Court will assume that a Bankruptcy proceeding is pending in the United States Bankruptcy Court for the Eastern District of Missouri, and that Plaintiffs are debtors in a bankruptcy proceeding.

In support of its motion, Defendant maintain that the bankruptcy court is the proper court to hear this case because the issues raised in Plaintiffs' complaint are "core" proceedings under title 11. *See* 28 U.S.C. § 157(b)(2) and they are also "related to" proceedings under Title 11. Defendant states that any damages Plaintiffs may recover would become part of the Bankruptcy estate and subject to distribution by the Chapter 13 trustee.

**Discussion**

"Claims under the FDCPA ... do not raise substantive rights created under bankruptcy law, as such claims can exist independently of a pending or ongoing bankruptcy case, and are not otherwise defined as core proceedings under 28 U.S.C. § 157(b)(2)." *Garcia v. North Star Capital Acquisition, LLC (In re Garcia)*, 2013 WL 414177, at *4 (Bkrtcy.W.D.Tex. Feb. 1, 2013). *See also, Harlan v. Rosenberg & Assocs., LLC (In re Harlan),* 402 B.R. 703, 711 (Bkrtcy

.W.D.Va.2009). Thus, in order for the bankruptcy court to have jurisdiction over Plaintiff's claims, they would have to fall within the bankruptcy court's "related to" jurisdiction. *Garcia,* 2013 WL 414177, at *4. The test for determining whether the bankruptcy court has "related to" jurisdiction over a proceeding is whether the "outcome could have any conceivable effect on the estate being administered in bankruptcy." *Id.* at *4–5.

The majority of courts that have considered FDCPA claims based on a creditor's collection activity have found that such claims are not "related to" the bankruptcy case. *See Dotson v. United Recovery Group (In re Dotson),* 2013 WL 5652732, at *4 (Bkrtcy.W.D.Va. Oct. 16, 2013) (citing *Harlan,* 402 B.R. 703, 714); *Gates v. Didonato (In re Gates),* 2004 WL 3237345, at * 3 (Bkrtcy.E.D.Va. Oct. 20, 2004)). *See also Wynne v. Aurora Loan Services, LLC (In re Wynne),* 422 B.R. 763, 771 (Bkrtcy.M.D.Fla.2010); *Vienneau v. Saxon Capital, Inc. (In re Vienneau),* 410 B.R. 329, 334 (Bkrtcy.D.Mass.2009); *Morrow v. W. Asset Mgmt., Inc.*, 2013 WL 6160094, at *1–3 (E.D. Mo. Nov. 25, 2013). This Court agrees with these rulings. The question of whether there has been a violation of the FDCPA is neither a core proceeding, nor does it fit within the perimeters of an action related to the presumed bankruptcy proceeding of Plaintiffs. The motion for referral to the bankruptcy court will be denied.

Defendant moves to dismiss this action for failure to state a claim. "The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors ..." *Dunham v. Portfolio Recovery Assocs.*, LLC, 663 F.3d 997, 1000 (8th Cir. 2011). To state a claim for violation of the FDCPA, plaintiff must allege facts establishing that (1) plaintiff is a consumer, (2) the payment obligation defendant seeks to recoup was a "debt" as defined by the statute, (3) the defendant is a "debt collector" as defined by the statute, and (4) the defendant violated any of the protections afforded by the FDCPA. *Id.* at 1001. Taking the facts alleged in the Complaint as true, the Court holds that Plaintiff has pleaded facts showing entitlement to relief under the FDCPA.

Defendant argues that it is not a debt collector, rather, that it was acting to enforce a security instrument as trustee under a deed of trust when it sent the September 14, 2015 letter and the September 23, 2015 letter. This argument, however, is not properly before the Court at this time because it raises issues outside the pleadings. While it may well be that Defendant was acting as a trustee under a deed of trust, and not as a debt collector, the Court must, at this stage of the proceedings, accept the truth of the allegations contained in Plaintiffs' Petition. A Rule 12(b)(6) motion turns on the sufficiency of the pleadings; matters outside the pleadings are properly presented through other means. The Petition before the

Court sets out the requirements needed to state a claim. As such, the motion to dismiss must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions for Referral to the Bankruptcy Court of the Eastern District of Missouri., [Doc. No. 7], is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 8], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Stay Motion to Dismiss, [Doc. No. 14], is **DENIED** as moot.

Dated this 30th day of September, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE